*Law Library*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,                    )
                                        )   CRIMINAL CASE NO. CM0522-11
                vs.                     )
                                        )   DECISION AND ORDER
JUNIOR J. SYKAP,                       )
                                        )
                Defendant.              )
_____  )

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to suppress, filed March 12, 2012. Oral arguments were heard on September 9, 2013. Assistant Attorney General James L.G. Stake appeared on behalf of the Government and Assistant Public Defender Suresh Sampath represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

Defendant is charged with driving while under the influence of alcohol based upon the following alleged events. On April 26, 2011 at approximately 1:49 a.m., Guam Police Officer James N. Muna observed Defendant's vehicle with rear-end damage, pulled over the car, and met with Defendant. (Testimony of James N. Muna, Record Log at 2:58, September 9, 2013). Officer Muna inquired whether Defendant was involved in an auto-accident. Defendant answered that he had not been in an auto-accident. *Id.* As the Defendant spoke, Officer Muna noted a strong smell of alcohol from Defendant's breath. *Id.* Officer Muna requested that the Defendant perform a field sobriety test, and Defendant refused to perform that test. *Id.* At approximately 1:55 a.m., Officer Muna handcuffed the Defendant, placed Defendant in the caged patrol vehicle, and subsequently transported Defendant to the Tumon/Tamuning precinct. *Id.* Defendant was informed of his arrest at approximately 2:45 a.m. *Id.* Defendant was never informed that he was under arrest before that time. *Id.*

Prior to being informed of his arrest, Defendant was informed that he was being taken to

the precinct for "further investigations" and "to take the breathalyzer." (Testimony of Junior J. Sykap, Record Log at 3:06, September 9, 2013). Defendant was not informed of his Miranda rights when he was placed in Officer Muna's patrol vehicle. *Id.* Defendant felt that he had no choice but to follow Officer Muna's directions. *Id.*

It is undisputed that Defendant signed an implied consent form and completed a breathalyzer test before being informed of his arrest at 2:45 a.m.

On March 12, 2012, Defendant moved to suppress all the evidence obtained from the investigative detention, the refusal to take the Standardized Field Sobriety Test, and the results of the breathalyzer test because he asserts: 1) Defendant's detention lasted longer than fifteen (15) minutes in violation of 8 GCA § 30.30; 2) no reasonable suspicion existed to stop Defendant; and 3) the administration of the breathalyzer test before the formal arrest was a violation of 16 GCA §18201(b). The Government contends that Defendant was legally arrested within 15 minutes of the time Officer Muna stopped Defendant, and therefore the 15 minute rule of 8 GCA § 30.30 does not apply in this case. The Government further asserts that there was reasonable suspicion to stop Defendant under the circumstances.

## DISCUSSION

### 1. The 15-Minute Time Limit of the Stop and Frisk Act

The Fourth Amendment permits brief investigative detentions that are based upon a reasonable suspicion of illegal conduct. *People v. Johnson*, 1997 Guam 9 ¶ 4 (*citing Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868 (1968)). This principle is codified in the entitled Stop and Frisk Act at 8 GCA Chapter 30. *See People v. Cundiff*, 2006 Guam 12 ¶ 40.

Title 8 GCA § 30.10 states:
Whenever a peace officer encounters any person under circumstances which reasonably indicate that such person has committed, is committing or is about to commit a criminal offense, the peace officer may detain such person.

\\\

Title 8 GCA § 30.20 states:
> Detention pursuant to § 30.10 shall be for the purpose of ascertaining the identity of the person detained and the circumstances surrounding his presence abroad which lead the officer to believe that he had committed, was committing, or was about to commit a criminal offense, but such person shall not be compelled to answer any inquiry of the peace officer.

Title 8 GCA § 30.30 states:
> No person shall be detained under the provisions of § 30.10 longer than is reasonably necessary to effect the purposes of that section, and in no event longer than fifteen (15) minutes. Such detention shall not extend beyond the place where it was first effected or the immediate vicinity thereof.

Title 8 GCA § 30.40 states:
> If at any time after the onset of the detention authorized by § 30.10, probable cause for arrest of the person shall appear, the person shall be arrested. If after an inquiry into the circumstances which prompted the detention, no probable cause for the arrest of the person shall appear, he shall be released.

Thus under Guam law, a police officer having a reasonable suspicion regarding criminal activity by a particular individual may detain that person to investigate said suspected criminal activity. 8 GCA §§ 30.10 & 30.20 (2005). When this investigative detention reveals probable cause for arrest, "the person shall be arrested." 8 GCA § 30.40 (2005). However, "in no event [shall a person be detained] longer than fifteen (15) minutes," and the person "shall be released," if no probable cause for arrest appears. 8 GCA §§ 30.30 & 30.40 (2005).

Despite the plain language of the statute, the Guam Supreme Court has found that voluntary consent tolls the lapse of time accrued for purposes of the 15-minute rule. *People v. Taman*, 2013 Guam 22 ¶ 15. Furthermore, the Guam Supreme Court held that "the development of probable cause obviates the fifteen-minute limit imposed by Guam's Stop and Frisk Act on investigative detentions that are supported by reasonable suspicion, because the appearance of probable cause transforms the nature of the detention and thereby removes the encounter from the strict parameters of the statute." *Id.* at ¶ 27. Therefore, when a person is detained without arrest for more than 15 minutes, without voluntary consent by the detainee or

the appearance of probable cause to arrest the detainee, the Stop and Frisk statutes are violated. *See id.* at ¶ 30.

In order to apply this rule to the present case, the Court must further examine the difference between an investigative detention and an arrest. Under Guam law, "a person has been seized under the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Cundiff*, 2006 Guam 12 ¶ 21 (*quoting United States v. Mendenhall*, 446 U.S. 544, 554, 100 S.Ct. 1870, 1877 (1980)). An investigative detention under 8 GCA Chapter 30 is consistent with a Fourth Amendment seizure. *See e.g. Cundiff*, 2006 Guam 12 ¶ 40; *Terry*, 392 U.S. at 16 ("It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person."). For this reason, an investigative detention occurs when a reasonable person would believe he is not free to leave under the circumstances.

Guam law defines an arrest as "an actual restraint of the person, or…submission to the custody of the person making the arrest." 8 GCA § 20.10 (2005). An officer must announce the arrest pursuant to 8 GCA § 20.25, but the declaration is not an absolute requirement for a lawful arrest based upon probable cause. *Cundiff*, 2006 Guam 12 ¶¶ 25-26, 35-36 (*quoting People v. Maddox*, 294 P.2d 6, 9 (Cal. 1956); and *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964)). Any physical restraint that curtails movement constitutes an arrest. *Id.* at ¶¶ 19-20 (*quoting Sibron v. New York*, 392 U.S. 40, 67, 88 S.Ct. 1889 (1968)).[1] Even without physical restraint, a severely intrusive detention may constitute an arrest. *Id.* at ¶¶ 21-22 (*quoting Dunaway v. New York*, 442 U.S. 200, 216, 99 S.Ct. 2248 (1979) (custodial interrogation is an arrest and requires probable cause)).

In this case, Officer Muna pulled over Defendant's vehicle between approximately 1:49 a.m. and 1:55 a.m. A traffic stop is "unquestionably a seizure within the meaning of the Fourth Amendment." *People v. Rasauo*, 2011 Guam 1 ¶ 26 (*citing Berkemer v. McCarty*, 468 U.S.

---

[1] *Cf. People v. Farata*, 2007 Guam 8 ¶¶ 44-45; *People v. Santos*, 2003 Guam 1 ¶ 51 (police custody ultimately determined by use of physical restraint comparable to formal arrest).

420, 436-439 (1984)). *See also People v. Chargualaf*, 2001 Guam 1 ¶ 17. Defendant was placed in handcuffs and placed in a caged patrol car before he was transported to the precinct for further questioning. Under these circumstances, Defendant was arrested pursuant to 8 GCA § 20.10 because there was an actual restraint where his movement was curtailed when he was handcuffed and placed in a caged patrol vehicle. *See Cundiff*, 2006 Guam 12 ¶¶ 19-20 (finding that Defendant was actually and physically restrained, and therefore arrested in accordance with the definition set forth in 8 GCA § 20.10 when Defendant was placed in handcuffs). For this reason, there was an arrest within the 15-minute time limit, and thus there was no violation of the Stop and Frisk Act.

## 2. Reasonable Suspicion

To support an officer's investigative detention of a suspect, an officer need only have a "reasonable suspicion that an individual was engaged in or is about to be engaged in illegal conduct." *Cundiff*, 2006 Guam 12 ¶ 40 (*quoting People v. Johnson*, 1997 Guam 9 ¶ 4).

The Guam Supreme Court confirmed in *Taman* that the language of Guam's Stop and Frisk Act utilizes the same standard for reasonable suspicion that is articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). *Taman*, 2013 Guam 22 ¶ 21. "Reasonable suspicion" arises in the following instance:

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety....

*Taman*, 2013 Guam 22 ¶ 21 (*quoting Terry*, 392 U.S. at 30–31).

In this case, Officer Muna observed Defendant's car to have sustained rear-end damage significant enough to capture his attention and cause him to stop the vehicle to inquire of Defendant whether he had been involved in a vehicle collision. It was reasonable for Officer Muna to conclude that criminal activity may be afoot, at the very least, in the form of a violation of Guam Vehicle Code's vehicle safety requirements. See 16 GCA § 3201 through § 3220,

inclusive ("Vehicle Equipment"). After detaining the driver, identifying himself as a police officer, and making inquiries of Defendant, all of which were within the scope of the initial stop, Officer Muna smelled a strong smell of alcohol from the Defendant's breath. Thus the Court finds that Officer Muna possessed a valid reasonable suspicion to support his investigative detention of Defendant for his possibly driving while under the influence of alcohol.

For this reason, the motion to suppress shall not be granted for a lack of reasonable suspicion to stop Defendant.

## 3. Implied Consent Statute

Defendant further argues that the administration of the breathalyzer test before being formally informed of his arrest at 2:45 p.m. was a violation of 16 GCA § 18201(b) of Guam's implied consent statute, and therefore, the breathalyzer test should be suppressed. The section of the statute provides as follows:

> (b) The blood or urine, or breath tests shall be administered at the request of the peace officer having reasonable cause to believe the person driving or in actual physical control of a motor vehicle upon the public highways or roadways is under the influence of alcohol or controlled substances only after: (1) a lawful arrest, and (2) the person has been informed by a peace officer of the sanctions that may result from his or her refusal to be tested.

16 GCA § 18201(b) (2005).

Having already found that Defendant was arrested, see *supra*, the Court must next determine if the arrest was lawful by assessing whether there was probable cause to support the arrest. *Cundiff*, 2006 Guam 12 ¶ 25.[2] Under Guam law, "[t]o legally arrest...the Government must assert probable cause to believe the arrestee has committed a crime." *People v. Mendiola*, 1999 Guam 8 ¶ 57 (*quoting United States v. Marion*, 404 U.S. 307, 320-21, 92 S.Ct. 455, 463

---

[2] While Defendant argues the breathalyzer may only be administered after a "formal" arrest, the Court need only determine that the arrest was "lawful" per 16 GCA § 18201(b). There can be no dispute that a *de facto* arrest still constitutes a valid arrest, as the Guam Supreme Court holds that a failure to inform an arrestee he is arrested pursuant to 8 GCA § 20.35(a) does not itself warrant suppression of evidence. *People v. Cundiff*, 2006 Guam 12 ¶ 36.

(1971)). The Guam Supreme Court has defined probable cause as follows: "[W]hether at that moment the facts and circumstances within [the police officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *Taman*, 2013 Guam 22 ¶ 23 (*quoting Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225 (1964)). "Determining the existence of probable cause requires determining whether officers had reasonably trustworthy information." *Cundiff*, 2006 Guam 12 ¶ 27 (internal quotation marks omitted).

After a review of the evidence adduced at the suppression hearing, the Court finds that there was probable cause for Officer Muna to arrest Defendant after his initial detention. In this case, Officer Muna stopped Defendant due to the extent of the damage he observed to Defendant's vehicle. Once Officer Muna detained Defendant, the officer noticed a strong smell of alcohol emitting from Defendant's breath. Although the prosecutor failed to elicit this evidence at the motion hearing, the declaration attached to the magistrate's complaint explains Officer Muna also observed Defendant hold onto his vehicle to maintain his balance, and that Defendant admitted to earlier drinking alcoholic beverages. Thus the evidence shows that, at the time of Defendant's *de facto* arrest, Officer Muna had reasonably trustworthy information which warranted a belief that Defendant had committed the crime of driving under the influence of alcohol. Thus, Defendant was lawfully arrested when he was handcuffed and placed in Officer Muna's patrol vehicle. For all of these reasons, the motion to suppress shall not be granted.

## CONCLUSION

Based upon the foregoing, Defendant's motion to suppress is hereby DENIED.

SO ORDERED this _27TH_ day of November, 2013.

_____
HON. JAMES L. CANTO II
Judge, Superior Court of Guam